**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:  CASE NO.: 6:18-bk-07237-CCJ
CHAPTER 7

**Charles James Zeek,**

    Debtor,

**Kimberly Jean Zeek,**

    Joint Debtor.

_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
(*Final Judgment of Foreclosure Obtained*)

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**
>
> **If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**
>
> **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Secured Creditor, Bank of America, N.A., by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Charles James Zeek and Kimberly Jean Zeek, filed a voluntary petition

pursuant to Chapter 7 of the United States Bankruptcy Code on November 20, 2018.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

4. Secured Creditor filed a foreclosure complaint against the Debtor(s) on June 19, 2017 in the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Case Number: 052017CA032588XXXXXX, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property legally described as:

   LOT 28, BLOCK 1800 OF PORT MALABAR UNIT FORTY TWO, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 21, PAGE 105 THROUGH 125, OF THE PUBLIC RECORDS OF BREVARD COUNTY, FLORIDA.

   This property is located at the street address of: 1502 Giles Street NW, Palm Bay, FL 32907.

5. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on July 19, 2018 in the amount of $202,124.37. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s).

6. The appraised value of the property is $155,750.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7. Based upon the Debtor(s)' schedules, the property is surrendered and claimed as non-exempt. The Trustee has not abandoned the property.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the

mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

12. A Proposed Order accompanies this Motion. See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: December 21, 2018

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969

By: /s/ Nathalie Rodriguez
Nathalie Rodriguez, Esquire
Florida Bar Number: 125114
Email: nrodriguez@rasflaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 21, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Charles James Zeek
1502 Giles St. NW
Palm Bay, FL 32907

Kimberly Jean Zeek
1502 Giles St. NW
Palm Bay, FL 32907

Michael Faro
Faro & Crowder, PA
1801 Sarno Road, Suite 1
Melbourne, FL 32935

Richard B Webber
Post Office Box 3000
Orlando, FL 32802

United States Trustee - ORL7/13
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

    ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
    Attorney for Secured Creditor
    6409 Congress Ave., Suite 100
    Boca Raton, FL 33487
    Telephone: 561-241-6901
    Facsimile: 561-241-1969

    By: /s/ Nathalie Rodriguez
    Nathalie Rodriguez, Esquire
    Florida Bar Number: 125114
    Email: nrodriguez@rasflaw.com

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE EIGHTEENTH
JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA
CIVIL ACTION

BANK OF AMERICA, N.A.,
    Plaintiff,

vs.

CASE NO.: 052017CA032588XXXXXX
DIVISION:

CHARLES J. ZEEK; KIMBERLY J. ZEEK; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS; UNKNOWN PARTY #1, UNKNOWN PARTY #2, UNKNOWN PARTY #3, and UNKNOWN PARTY #4 THE NAMES BEING FICTITIOUS TO ACCOUNT FOR PARTIES IN POSSESSION,
    Defendant(s).

## FINAL JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court at the Non-Jury Trial held on July 19, 2018. On the evidence presented,

IT IS ORDERED AND ADJUDGED that:

1. The Plaintiff's Final Judgment is GRANTED. Service of process has been duly and regularly obtained over, **Charles J. Zeek; Kimberly J. Zeek; Unknown Party #1 n/k/a Andrew Zeek**, defendants.

2. There is due and owing to the Plaintiff the following:

| | |
|---|---:|
| Principal due on the note secured by the mortgage foreclosed: | $179,650.53 |
| Interest on the note and mortgage from August 1, 2016 to July 19, 2018 | $15,010.51 |
| Beginning Escrow Balance | $(1,075.14) |
| County taxes | $981.97 |
| Hazard Insurance | $3,168.00 |
| Court Costs: | |
| Filing Fee | $953.50 |
| Service of Process | $260.00 |
| Summons | $50.00 |
| Additional Costs: | |
| Property Inspections | $325.00 |
| Attorney fees | $2,800.00 |
| **GRAND TOTAL** | **$202,124.37** |

Case # 05-2017-CA-032588-XXXX-XX

3. The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4. Plaintiff, BANK OF AMERICA, N.A., whose address is c/o Carrington Mortgage Services, 1600 South Douglass Road Suite 200-A, Anaheim, CA 92806, holds a lien for the grand total sum specified in Paragraph 2

herein. The lien of the Plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116 and Section 720.3085. The Plaintiff's lien encumbers the subject property located in Brevard County, Florida and described as:

**LOT 28, BLOCK 1800 OF PORT MALABAR UNIT FORTY TWO, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 21, PAGE 105 THROUGH 125, OF THE PUBLIC RECORDS OF BREVARD COUNTY, FLORIDA.**

**Property address: 1502 GILES STREET NW, PALM BAY, FL 32907**

5. If the grand total amount with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale to the highest bidder on __11-28__, 20_18_, at 11:00 AM, to the highest bidder for cash, except as prescribed in Paragraph 6, at the Brevard County Government Center North, 518 S. Palm Avenue, Brevard Room, Titusville, Florida 32796, after having first given notice as required by Section 45.031, Florida Statutes. The Clerk shall not conduct the sale in the absence of the Plaintiff or its representative.

6. Plaintiff shall advance all subsequent costs of this action in addition to any advances to protect its collateral and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be assessed as costs.

7. On filing of the Certificate of Sale, defendant's right of redemption as prescribed by Florida Statutes, Section 45.0315 shall be terminated.

8. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to the Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 3 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9. Upon filing of the Certificate of Title, defendant and all persons claiming under or against defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property.

10. The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that the flat fee of $2,800.00 is reasonable and appropriate for the Plaintiff's counsel's attorney's fees. The Court finds that there are no reasons for either reduction or enhancement pursuant to Florida Patient's Compensation Funds v. Rowe, 472 So. 2d 1145 (Fla. 1985), and the Court therefore has awarded reasonable attorney's fees in the amount indicated in paragraph 2 of this Judgment.

11. **NOTICE PURSUANT TO AMENDMENT TO SECTION 45.031, FLA. ST. (2006).**

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, BREVARD COUNTY CLERK OF COURT P.O. BOX 219 TITUSVILLE, FL 32781-0219 BREVARD COUNTY CLERK OF COURT ATTN: FORECLOSURE MOORE JUSTICE CENTER 2825 JUDGE FRAN JAMIESON WAY VIERA, FL 32940, [TELEPHONE: 321-637-2003], WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT BREVARD COUNTY LEGAL AID, 1038 HARVIN WAY, SUITE 100, ROCKLEDGE, FL 32955 TELEPHONE: (866) 469-7444, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT FLORIDA RURAL LEGAL SERVICES, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

12. If Plaintiff is the successful purchaser at the foreclosure sale, Plaintiff may assign the successful bid without further order of this court.

13. The Court finds that Plaintiff has standing to seek and receive the relief obtained herein.

14. Any funds payable from third party funds including attorney fees and costs shall be made payable to Plaintiff.

15. The Court specifically reserves jurisdiction to enter further orders the Court deems just and proper to include, without limitation, the following: orders related to pursuit and entry of deficiency judgment, if Defendant has not been discharged in bankruptcy, or it is not prohibited by federal law or mutual settlement agreement; orders granting additional attorney's fees and costs; writs of possession; orders determining the amount and responsibility for assessments that may be due a condominium or homeowner's association pursuant to sections 718.116 or 720.3085 of the Florida Statutes; orders arising out of re-foreclosure, to include permitting a supplemental complaint to add an interest-holder, and/or; orders involving reformation of the mortgage instrument or deed to perfect title.

ORDERED at Brevard County, Florida on ___7/19___, 20_18_.

_____
Circuit Judge    D. Dugan

Copies furnished to:

Albertelli Law
P.O. Box 23028
Tampa, FL 33623
eService: servealaw@albertellilaw.com

Charles J. Zeek
c/o Gregory M Nordt, Esq.
Amerihope Alliance Legal Services
7501 NW 4th St, Suite 207A
Plantation, FL 33317
E-Serve 1: gnordt@amerihopealliance.com
E-Serve 2: pleadings@amerihopealliance.com

Kimberly J. Zeek
c/o Gregory M Nordt, Esq.
Amerihope Alliance Legal Services
7501 NW 4th Street, Suite 207A
Plantation, FL 33317
E-Serve 1: gnordt@amerihopealliance.com
E-Serve 2: pleadings@amerihopealliance.com

Unknown Party #1 n/k/a Andrew Zeek
1502 Giles St NW
Palm Bay, FL 32907

# EXHIBIT "B"



# Brevard County Property Appraiser
Titusville • Merritt Island • Viera • Melbourne • Palm Bay

PROPERTY DETAILS

Phone: (321) 264-6700
https://www.bcpao.us



| | |
|---|---|
| | Zeek, Charles J; Zeek, Kimberly J |
| Mailing Address | 1502 Giles St NW Palm Bay FL 32907 |
| Site Address | 1502 Giles St NW Palm Bay FL 32907 |
| Parcel ID | 28-36-27-KN-1800-28 |
| Property Use | 0110 - Single Family Residence |
| Exemptions | HEX1 - Homestead First<br>HEX2 - Homestead Additional |
| Taxing District | 54U0 - Palm Bay |
| Total Acres | 0.26 |
| Subdivision | Port Malabar Unit 42 |
| Site Code | 0001 - No Other Code Appl. |
| Plat Book/Page | 0021/0105 |
| Land Description | Port Malabar Unit 42 Lot 28 Blk 1800 |

## VALUE SUMMARY

| Category | 2018 | 2017 | 2016 |
|---|---:|---:|---:|
| Market Value | $155,750 | $136,660 | $125,820 |
| Agricultural Land Value | $0 | $0 | $0 |
| Assessed Value Non-School | $80,350 | $78,700 | $77,090 |
| Assessed Value School | $80,350 | $78,700 | $77,090 |
| Homestead Exemption | $25,000 | $25,000 | $25,000 |
| Additional Homestead | $25,000 | $25,000 | $25,000 |
| Other Exemptions | $0 | $0 | $0 |
| Taxable Value Non-School | $30,350 | $28,700 | $27,090 |
| Taxable Value School | $55,350 | $53,700 | $52,090 |

## SALES/TRANSFERS

| Date | Price | Type | Parcel | Deed |
|---|---:|---|---|---|
| 02/26/2007 | $195,000 | WD | Improved | 5754/8936 |
| 07/29/2004 | $20,000 | WD | Vacant | 5343/5906 |
| 04/01/1993 | $5,800 | TD | Vacant | 3295/4118 |
| 02/01/1991 | -- | PT | Vacant | 3108/3617 |

## BUILDINGS

### PROPERTY DATA CARD #1

**Building Use:** 0110 - Single Family Residence

| Materials | | Details | |
|---|---:|---|---:|
| Exterior Wall: | Stucco | Year Built | 2007 |
| Frame: | Masnryconc | Story Height | 8 |
| Roof: | Asph/Asb Shngl | Floors | 1 |
| Roof Structure: | Hip/Gable | Residential Units | 1 |
| | | Commercial Units | 0 |

| Sub-Areas | | Extra Features | |
|---|---:|---|---|
| Base Area (1st) | 1,777 | No Data Found | |
| Garage | 392 | | |
| Open Porch | 100 | | |
| Open Porch | 189 | | |
| Total Base Area | 1,777 | | |

| Total Sub Area | 2,458 |
|---|---|

# EXHIBIT "C"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

IN RE:  CASE NO.: 6:18-bk-07237-CCJ
 CHAPTER 7

**Charles James Zeek,**

  Debtor,

**Kimberly Jean Zeek,**

  Joint Debtor.

_____/

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

THIS CASE came on consideration without a hearing on Bank of America, N.A.'s ("Secured Creditor") Motion for Relief from Stay (Docket No. ___).  No appropriate response has been filed in accordance with Local Rule 2002-4.  Accordingly, it is:

**ORDERED:**

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.
2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured

1

Creditor's interest in the following property located at 1502 Giles Street NW, Palm Bay, FL 32907 in Brevard County, Florida, and legally described as:

LOT 28, BLOCK 1800 OF PORT MALABAR UNIT FORTY TWO, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 21, PAGE 105 THROUGH 125, OF THE PUBLIC RECORDS OF BREVARD COUNTY, FLORIDA.

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).

4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

5. The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted.

6. Attorneys' fees in the amount of $345.00 and costs in the amount of $181.00 are awarded for the prosecution of this Motion for Relief from Stay, but are not recoverable from the Debtor(s) or the Debtor(s)' Bankruptcy estate.

###

Attorney, Nathalie Rodriguez, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.